IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Gary Boone (aka Valerie Boone), | ) | C.A. No.: 6:21-cv-3053-JD-KFM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| Michael Carvajal, Director of Federal | ) | |
| Bureau of Prisons; A. Mendoza, Warden of | ) | |
| FCI Williamsburg; K. Nolte, Health Service | ) | |
| Administrator at FCI Williamsburg; S. | ) | |
| Hoey, Medical Provider at FCI | ) | |
| Williamsburg; C. Davis, Nurse Practitioner | ) | |
| at FCI Williamsburg; Dr. Figueroa, Chief | ) | |
| Psychologist at FCI Williamsburg; and Dr. | ) | |
| Laxton, Psychologist at FCI Williamsburg, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the Court with the Report and Recommendation of United States Magistrate Judge Kevin F. McDonald ("Report" or "Report and Recommendation"), made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(e) of the District of South Carolina.[1] (DE 53.) Plaintiff Gary Boone, aka Valerie Boone, ("Boone" or "Plaintiff"), proceeding *pro se* and *in forma pauperis*, seeks relief pursuant to Bivens v. Six Unknown Names Agents of the Fed. Bureau of Narcotics, 403 U.S. 388 (1971), against the seven federal officials named as Defendants (collectively "Defendants") for violations of Boone's constitutional rights based on a lack of medical treatment for Boone's gender dysphoria. (DE 1.) On February 28,

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

2022, Defendants filed a Motion to Dismiss for failure to state a claim pursuant to Rule 12(b)(6), Fed. R. Civ. P. (DE 29.) On June 28, 2022, the magistrate judge filed the Report recommending Defendants' motion be granted for failure to exhaust as to Plaintiff's deliberate indifference claims for voice feminization, feminizing products and clothing, and a comprehensive treatment plan but denied the motion as to Plaintiff's deliberate indifference claim for gender-affirming surgery. (DE 53.) For the reasons stated below, the Court adopts the Report and grants in part and denies in part Defendants' Motion to Dismiss (DE 29).

## FACTUAL AND PROCEDURAL BACKGROUND

The Report and Recommendation sets forth the relevant facts and legal standards, which this Court incorporates herein without a full recitation. However, as a brief background relating to the objections raised by the parties, the Court provides this summary of Plaintiff's current action based on the Complaint.

Boone first requested medical treatment to alleviate symptoms of gender dysphoria ("GD") in 2016 and first requested gender-affirming surgery in August 2017. (DE 1, ¶ 15.) Boone was subsequently prescribed hormone therapy as treatment. (Id. at ¶ 16). In March 2018, Boone was transferred to Federal Correctional Institution McKean (FCI McKean) in Pennsylvania, where Boone reasserted the request for gender-affirming surgery but received no response. (Id. at ¶ 17.) On July 29, 2018, while at FCI McKean, a correctional officer observed Boone cutting Boone's arms with an unknown object (Id. at ¶ 18; DE 1-2, p. 10), and Boone was subsequently placed on suicide watch (DE 33, p. 4).

On July 12, 2019, Boone was transferred to FCI Williamsburg (DE 1, ¶ 19). While at FCI Williamsburg, Boone received hormone therapy and psychological counseling for GD. (Id. at ¶ 20). In August 2019, Boone submitted requests to staff for gender-affirming surgery and the staff

responded that Boone needed to complete at least one year of hormone therapy and submit a request to be eligible for gender-affirming surgery. (DE 1, ¶¶ 21, 22; DE 1-3, pp. 12-13.) Boone then sent a "Request to Staff" message to the associate warden on August 27, 2019, indicating Plaintiff had completed several years of hormone therapy and again requested the gender-affirming surgery. (DE 1, ¶ 21; DE 1-3, p. 14). Boone also submitted a message to staff during this time frame, noting that the hormone therapy was ineffective in treating Plaintiff's symptoms and indicating that Plaintiff suffered from "thoughts of self-harm, suicide, and castration." (DE 1, ¶¶ 29-30; DE 1-3, pp. 23-25.)

On May 18, 2020, Boone began seeking gender-affirming surgery through the BOP's formal administrative remedy program and submitted a form alleging that not being provided with this surgery put Plaintiff in "imminent danger of [self-harm], genital castration, and suicide." (DE 1-4, p. 2.) In response, FCI Williamsburg staff referred Plaintiff for a mental health assessment, which resulted in another increase to Plaintiff's mental health care level from level one to level two. (Id.) On May 26, 2020, Boone was allegedly informed of the next steps of the transition process – a transfer to a low security facility in twelve months' time and a subsequent transfer to a women's facility after one year in the low security facility. (DE 1-3, pp. 26, 28.) However, on June 2, 2021, Boone was informed that the transfer to the low security facility would not occur due to COVID-19. (Id. at 29.)

On June 3, 2020, Boone filed a formal request for administrative remedy, asserting that the BOP was being deliberately indifferent to Plaintiff's GD because Plaintiff was seeking gender-affirming surgery, and the hormone therapy was an inadequate treatment for Plaintiff's symptoms. (Id. at 4.) Plaintiff's case was sent to the Transgender Clinical Care Team (TCCT) for a determination as to whether such treatment was appropriate. (Id. at 5; DE 29-2, p. 5). On June

3

28, 2020, Boone filed a regional administrative remedy appeal, and on February 9, 2021, Plaintiff filed a central office administrative remedy appeal, asserting deliberate indifference in both appeals. (DE 1-4, pp. 6-7, 9.) Boone never received gender-affirming surgery and was not transferred to a low security facility as required to begin the transition process.

On September 22, 2021, Boone filed the current complaint, alleging a claim of deliberate indifference in violation of Boone's Eighth Amendment rights. (DE 1.) Defendants then filed the current motion to dismiss on February 28, 2022 (DE 29), and responses and replies where filed thereafter.

## DISCUSSION

Plaintiff and Defendants have filed objections to the Report. (DE 57 and DE 59.) However, objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute.'" Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (2005) (citing Thomas v. Arn, 474 U.S. 140 (1985). "A general objection to the entirety of the magistrate judge's report is tantamount to a failure to object." Tyler v. Wates, 84 F. App'x 289, 290 (4th Cir. 2003). "Likewise, a mere restatement of the arguments raised in [previous] filings does not constitute an 'objection' for the purposes of district court review." Nichols v. Colvin, 100 F. Supp. 3d 487, 497 (E.D. Va. 2015). In the absence of specific objections to the Report and Recommendation of the

magistrate judge, this court is not required to give any explanation for adopting the recommendation.  See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the Court finds that many of the objections to the Report are non-specific, unrelated to the dispositive and/or at the heart of disputed portions of the Report and Recommendation, or merely restate arguments.[2]  However, the Court has identified the following specific objection, which will be addressed herein.

Defendants object to the Report's finding regarding the sufficiency of Boone's pleadings because "Plaintiff failed to allege a plausible claim for relief under the Eighth Amendment." (DE 59, p. 6.)  To that end, Defendants claim the Report's reliance on De'lonta v. Johnson, 708 F.3d 520 (4th Cir. 2013), "does not control the outcome here." (DE 59, p. 7.)  Defendants contend,

> De'lonta had an extensive, documented history of severe self-harm and included repeated attempts at self-castration that required hospitalization.  [Citation omitted]. The plaintiff in De'lonta also persistently told corrections officials that she had strong, inescapable urges to self-harm and self-mutilate despite the hormone therapy corrections officials were providing to her. [Citation omitted.]  It was primarily this risk of self-harm, not mere gender dysphoria, that the Fourth Circuit held to be the 'serious medical condition' to which prison officials could plausibly have been deliberately indifferent.

(DE 59, p. 7.)  While the facts in De'lonta are distinguishable, nevertheless, Plaintiff's complaint has alleged a plausible claim for deliberate indifference to a serious medical need in violation of the Eighth Amendment.  See Scinto v. Stansberry, 841 F.3d 219, 225 (4th Cir. 2016) ("[A] prison official's 'deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment.'" (citation omitted)). A "serious medical need" is one "diagnosed by a physician as mandating treatment or one that is so

---

[2]     For instance, Plaintiff's two objections (DE 57) concerning the Report's use of an updated copy of agency manuals are unrelated to the dispositive issue of whether Plaintiff sufficiently alleged a cause of action to survive a motion to dismiss per Rule 12(b)(6), Fed. R. Civ. P.  Therefore, Plaintiff's objections are overruled.

obvious that even a lay person would easily recognize the necessity for a doctor's attention." Heyer v. United States Bureau of Prisons, 849 F.3d 202, 210 (4th Cir. 2017) (citation omitted). "To prove deliberate indifference, plaintiffs must show that 'the official kn[ew] of and disregard[ed] an excessive risk to inmate health or safety.'" Scinto, 841 F.3d at 225.

Below, the Court assesses the sufficiency of Plaintiff's complaint bearing in mind allegations in a *pro se* litigant's complaint, "however inartfully pleaded," are held "to less stringent standards than formal pleadings drafted by lawyers . . . ." Hughes v. Rowe, 449 U.S. 5, 9 (1980) (citation omitted). "Such a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Id. at 9-10. Here, the complaint sufficiently alleges a serious medical need by stating: Plaintiff was diagnosed with GD; Plaintiff had previously cut her arms and been placed on suicide watch; Plaintiff's hormone treatment was ineffective; and Plaintiff continued to suffer from bouts of crying and constant thoughts of self-harm, suicide and castration. (DE 1, ¶¶ 12, 18, 29; DE 1-3, pp. 23-25; 1-4, pp. 2-4); see De'lonta v. Johnson, 708 F.3d 520 (4th Cir. 2013) (holding, in some circumstances, that protection from self-harm constitutes a serious medical need).

Additionally, the complaint sufficiently alleges deliberate indifference, claiming Defendants were aware of Plaintiff's GD and symptoms, and claiming Plaintiff has been consistently requesting gender-affirming surgery since 2016; Plaintiff has satisfied the hormone therapy criteria for transfer to another facility pursuant to applicable policies; and Plaintiff was informed on May 6, 2020, that Plaintiff would be transferred to a low security institution after 12 months as the next step in the transition process but was never transferred. (DE 1, ¶¶ 15, 31, 32; DE 1-3, pp. 5-25.); see Sharpe v. S.C. Dept' of Corrections, 621 F. App'x 732 (4th Cir. 2015)

("delay in providing medical care can constitute deliberate indifference"). Much of Defendants' arguments to the contrary, for example, that De'lonta is distinguishable from the current case, that Defendants provided other treatments such as counseling and hormone therapy to the Plaintiff, and that Plaintiff's transfer was delayed because of COVID-19, are mere restatements of their argument in their Motion to Dismiss.[3] (See DE 29 compare with DE 59.) Since the Report comprehensively and in detail addresses these arguments, where warranted, and Defendants merely disagree with the Report's analysis and conclusion, this Court overrules Defendants' objection.[4]

Accordingly, after a thorough review of the Report and Recommendation and the Complaint in this case, the Court adopts the Report and Recommendation as modified and incorporates it herein.

It is, therefore, **ORDERED** that Defendants' Motion to Dismiss (DE 29) is **GRANTED** as to Plaintiff's claims for voice feminization, feminizing products and clothing, and

---

[3]     Defendants also contend the Report failed to note "that there is significant documentation in the records Plaintiff attached to her Complaint that Plaintiff assured Defendants that she was *not* at risk of harming herself." (DE 59, p. 9.) Although "in the event of conflict between the bare allegations of the complaint and any exhibit attached . . . , the exhibit prevails[,]" Goines v. Valley Cmty. Servs. Bd., 822 F.3d 159, 166–67 (4th Cir. 2016) (citation omitted), the attached documentation Defendants points to where Plaintiff claims, "at this time I am under control" (DE 1-2, p. 26) does not present an actual conflict with the allegations. Further, the attached documentation where Defendant Dr. Hoey assesses Plaintiff as "doing well" was not attached by Plaintiff for the statement's truthfulness. (DE 1-2, p. 30); see Goines, 822 F.3d at 166-167 ("[B]efore treating the contents of an attached document as true, courts should 'consider why a plaintiff attached the document[ ], who authored the document[ ], and the reliability of the document[ ].' (internal citation omitted) . . . Where the plaintiff attaches or incorporates a document for purposes other than the truthfulness of the document, it is inappropriate to treat the contents of that document as true.") Thus, the Court rejects Defendants' argument.

[4]     The Court equally notes and adopts the Report's recommendation that "this ruling is limited to the conclusion that Plaintiff's claim that Defendants have been deliberately indifferent to Boone's serious medical needs by delaying the treatment and process for obtaining surgery is sufficiently plausible to survive Defendants' motion to dismiss at this stage of the litigation and does not purport to decide the merits of the claims or suggest the remedy to which Plaintiff would be entitled to if Boone were to prevail." (DE 53, p. 21.)

comprehensive treatment plan for failure to exhaust administrative remedies prior to filing suit. However, Defendants' motion is **DENIED** as to Plaintiff's deliberate indifference claim for gender-affirming surgery.

**IT IS SO ORDERED.**

s/Joseph Dawson, III<br>
Joseph Dawson, III<br>
United States District Judge

Florence, South Carolina
September 1, 2022

**NOTICE OF RIGHT TO APPEAL**

Plaintiff is hereby notified that he has the right to appeal this order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.