IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Gary Boone (aka Valerie Boone), ) | C.A. No.: 6:21-cv-3053-JD-KFM |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| Michael Carvajal, Director of Federal ) | |
| Bureau of Prisons; A. Mendoza, Warden of ) | |
| FCI Williamsburg; K. Nolte, Health Service ) | |
| Administrator at FCI Williamsburg; S. ) | |
| Hoey, Medical Provider at FCI ) | |
| Williamsburg; C. Davis, Nurse Practitioner ) | |
| at FCI Williamsburg; Dr. Figueroa, Chief ) | |
| Psychologist at FCI Williamsburg; and Dr. ) | |
| Laxton, Psychologist at FCI Williamsburg, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before the Court with the Report and Recommendation of United States Magistrate Judge Kevin F. McDonald ("Report" or "Report and Recommendation"), made in accordance with 28 U.S.C. § 636(b)(1)(A) and Local Civil Rule 73.02(B)(2) of the District of South Carolina.¹ (DE 53.) On October 19, 2022, Plaintiff Gary Boone, aka Valerie Boone, ("Boone" or "Plaintiff"), proceeding *pro se* and *in forma pauperis*, filed a Temporary Restraining Order ("TRO") and Preliminary Injunction (DE 75) related to claims for lack of medical treatment for Boone's gender dysphoria.² Boone seeks "a temporary restraining order and a preliminary

---

¹ The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

² Boone's underlying suit seeks relief pursuant to Bivens v. Six Unknown Names Agents of the Fed. Bureau of Narcotics, 403 U.S. 388 (1971), against the seven federal officials named as Defendants for

1

injunction to ensure that she receives proper medical care without further unnecessary delay."[3] (DE 75-1, p. 2.) On November 2, 2022, Boone filed a Motion to Compel (DE 81) seeking requests for production and answers to interrogatories. Defendants filed a response to both motions on November 16, 2022. On November 18, 2022, the Magistrate Judge issued the Report, recommending this Court deny Boone's Motion for a TRO and Preliminary Injunction (DE 75) and deny Boone's Motion to Compel (DE 81) as moot.[4] As to the TRO and Preliminary Injunction, the Report found

> the plaintiff has failed to meet the standard for issuance of a TRO or preliminary injunction, as she has not made a clear showing of a likelihood of success on the merits on the second prong of the deliberate indifference test - that the defendants have knowingly disregarded the plaintiff's serious medical needs and the substantial risks that those needs posed.

(DE 88, p. 18.) Notwithstanding the Report, on December 1, 2022, Boone filed an untimely reply to Defendants' response to the Motion for TRO and Preliminary Injunction.

Nevertheless, Boone filed timely objections to the Report on December 14, 2022. (DE 91.) However, to be actionable, objections to a report and recommendation must be specific. Failure

---

violations of Boone's constitutional rights based on a lack of medical treatment for Boone's gender dysphoria. (DE 1.) On September 1, 2022, this Court adopted the June 28, 2022, Report from the Magistrate Judge, granting Defendants' Motion to Dismiss for failure to exhaust as to Plaintiff's deliberate indifference claims for voice feminization, feminizing products and clothing, and a comprehensive treatment plan but denying the motion as to Plaintiff's deliberate indifference claim for gender-affirming surgery. (DE 65.) Accordingly, only Plaintiff's deliberate indifference claim for gender-affirming surgery remains in the suit.

[3]     Specifically, Boone seeks "(1) A temporary restraining order halting and/or restricting institution to institution transfer(s) that are neither related to plaintiff's medical care needs nor are related to an actual, verifiable penological need, (2) Cease all unnecessary or non-medical delays which may delay gender affirming surgery therapy, (3) Provide the court and the plaintiff a step by step listing of all medically necessary preliminary pre-surgical procedures required by BOP, (4) A timeline for completion of that step by step listing, (5) Bi-weekly reports of completion progress, [and] (6) Any other relief this court finds proper." (DE 75, pp. 2-3.)

[4]     Regarding Boone's Motion to Compel (DE 81), the Report found "[b]ecause the defendants have agreed to respond to the plaintiff's discovery requests, the undersigned finds that the plaintiff's motion to compel is moot," (DE 88 at 16). The Court agrees and adopts the Report regarding this issue without further discussion.

to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues -- factual and legal -- that are at the heart of the parties' dispute.'" Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (2005) (citing Thomas v. Arn, 474 U.S. 140 (1985)). "A general objection to the entirety of the magistrate judge's report is tantamount to a failure to object." Tyler v. Wates, 84 F. App'x 289, 290 (4th Cir. 2003). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Boone first objects to the Report, contending the recommendation "is premised on a major error" of "acceptance of the Defendants' 'Transgender Offender Manual' (DE 29-1) Policy P5200.08, 1-13-2022 ["Current BOP Policy"]." (DE 91, p. 1.) Plaintiff contends that "Policy P5200.04 CN-1 ["Former BOP Policy"] and its predecessor [] had been in continuous effect at all times that Plaintiff's civil rights were violated," and therefore, "this Court, by ignoring the allegations in the complaint and construing Policy P5200.04 CN-1 as not in effect at the time of filing the Complaint, renders all issues moot." (Id. at 2.) However, to the extent this objection is specific and not a general objection to the entirety of Report, Boone's objection fails to identify how the consideration of the Former BOP Policy is relevant in determining whether *injunctive relief* is now appropriate. A plaintiff seeking a TRO or preliminary injunction must establish four elements: (1) "likely to succeed on the merits"; (2) "likely to suffer irreparable harm in the absence of preliminary relief"; (3) "the balance of equities tips in her favor"; and (4) "an injunction is in

the public interest." Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). Importantly, "a penalty punishes past acts *whereas an injunction prohibits future conduct*." Fed. Trade Comm'n v. Pukke, 53 F.4th 80, 109 (4th Cir. 2022) (emphasis added); see also Belk v. Charlotte-Mecklenburg Bd. of Educ., 269 F.3d 305, 347 (4th Cir. 2001) ("Though a flexible tool, an injunction may not be used for punishment or reparations for . . . past violations." (internal quotation and citation omitted)). Therefore, using the Current BOP Policy is appropriate in evaluating the "likelihood of success on the merits" regarding whether the BOP's *current actions* constitute an Eighth Amendment violation for deliberate indifference to serious medical needs, warranting the relief Boone now seeks.[5] Accordingly, Boone's first objection is overruled.[6]

Second, Boone objects to the Report, contending the Magistrate Judge issued the Report before receiving Boone's reply to Defendant's response in opposition to her motion. (DE 91, p. 3.) Even though Boone's reply was eventually received three days after the deadline to file, this Court, as part of its *de novo* review, has considered it in its review of the issues at hand. See Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007) (A document filed *pro se* is "to be liberally construed.") Boone's reply merely expounds on Boone's objection regarding the Magistrate Judge's use of the Current BOP Policy, an issue that has been

---

[5] Specifically, to state a claim for deliberate indifference to serious medical needs, a prisoner must show that she had a serious medical need and that officials knowingly disregarded that need and the substantial risk it posed. See King v. Rubenstein, 825 F.3d 206, 218-20 (4th Cir. 2016).

[6] Boone previously raised the issue of the Magistrate Judge's use of the Current BOP Policy when objecting to the Report issued on June 28, 2022, and this Court overruled the objection as being non-specific to the issues before the Court at that time. Although the Former BOP Policy is unrelated to the current dispositive issue, the Court notes for the record that, to the extent, BOP policies are relevant to the issues in the case, the Former BOP Policy is applicable to activity before May 11, 2018, and the Current BOP Policy is applicable to activity after that date.

addressed in this order. Therefore, Boone's objection regarding any procedural error due to the lack of review of the reply by the Magistrate Judge is overruled.

Accordingly, after a thorough review of the Report and Recommendation and the record in this case, the Court adopts the Report (DE 88) and incorporates it by reference as modified herein.

Therefore, Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (DE 75) is denied and Plaintiff's Motion to Compel (DE 81) is denied as moot.

**IT IS SO ORDERED**.

    S/ Joseph Dawson, III
Joseph Dawson, III
United States District Judge

Florence, South Carolina
August 2, 2023

**NOTICE OF RIGHT TO APPEAL**

Plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.