IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Gary Boone, aka Valerie Boone, | ) | Case No.: 6:21-cv-3053-JD-KFM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **Order and Opinion** |
| Michael Carvajal, Director of Federal | ) | |
| Bureau of Prisons; A. Mendoza, Warden of | ) | |
| FCI Williamsburg; K. Nolte, Health Service | ) | |
| Administrator at FCI Williamsburg; S. | ) | |
| Hoey, Medical Provider at FCI | ) | |
| Williamsburg; C. Davis, Nurse Practitioner | ) | |
| at FCI Williamsburg; Dr. Figueroa, Chief | ) | |
| Psychologist at FCI Williamsburg; and Dr. | ) | |
| Laxton, Psychologist at FCI Williamsburg, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the Court with the Report and Recommendation ("Report") of United States Magistrate Judge Kevin F. McDonald, made under 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) of the District of South Carolina.[1] (DE 139.) Plaintiff Gary Boone, aka Valerie Boone ("Plaintiff" or "Boone"), proceeding *pro se* and *in forma pauperis*, brought this action based on an alleged denial of medical treatment for Boone's gender dysphoria while housed within facilities of the Federal Bureau of Prisons ("BOP"). (DE 1.) Boone initially sought declaratory and injunctive relief (declaring Defendants' acts and omissions violate Plaintiff's constitutional rights

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

and ordering feminizing products and clothing and gender-affirming surgery be provided to Plaintiff).[2]  (DE 1.)

On August 31, 2023, the captioned Defendants (collectively "Defendants") moved for Summary Judgment.  (DE 126.)  On February 23, 2023, Boone filed a response opposing the motion, and Defendants filed a reply.  (DE 141, 143.)  Defendants contend, among other things, that they have not been deliberately indifferent to Plaintiff's medical needs as they "have consistently provided [] Boone with hormone therapy, transferred her to lower security facilities, and transferred her to a gender-affirming facility, all of which are necessary steps for advancing her request for gender-affirming surgery in accordance with BOP policy. . . Defendants have also addressed [] Boone's potential self-harm through suicide risk assessments and by placing her on suicide watch."  (DE 143, p. 3 (internal citations omitted).)

## BACKGROUND

The Report and Recommendation sets forth the relevant facts and legal standards, which the Court incorporates without a complete recitation.  In any event, the Court provides this summary as a brief background relating to the objections raised by Plaintiff.  Boone, 73, is serving a life sentence in the custody of the BOP.  Plaintiff filed suit in September 2021, alleging an unconstitutional denial of medical treatment for gender dysphoria while housed within facilities of the BOP, and the only remaining claim is that Defendants are alleged to have violated the Eighth Amendment through deliberate indifference to Boone's request for gender-affirming surgery.  (*See* DE 1.)  Defendants moved for summary judgment on August 31, 2023. (DE 126.)  On February

---

[2]    By Order on Defendants' motion to dismiss (DE 29), the Court dismissed Plaintiff's deliberate indifference claims for voice feminization, feminizing products and clothing, and a comprehensive treatment plan based on Plaintiff's failure to exhaust. (DE 65.) But the Court denied the motion as to Plaintiff's deliberate indifference claim for gender-affirming surgery — the only remaining claim before the Court on the instant motion for summary judgment.

5, 2024, the Magistrate Judge issued a Report recommending that Defendants' motion for summary judgment be granted. (DE 139.)

## DISCUSSION

Boone objects to the Report based on three grounds: (1) "the Magistrate Court is without sufficient knowledge (evidence), absent an expert medical professional with expertise in the health care area of gender dysphoria assessment and treatment, to accept or reject either the Plaintiff's facts or the Defendants' unsupported assertions, representations, and declarations with any degree of certainty[;]" (2) "the BOP does not comply with professional medical community standards as relating to gender dysphoria[;]" and (3) "Plaintiff's medical condition is now a chronic serious risk (of self-harm and suicide)." (DE 141, p. 6.) However, objections to a report and recommendation must be specific to be actionable. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues -- factual and legal -- *that are at the heart of the parties' dispute*.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (2005) (citing *Thomas v. Arn*, 474 U.S. 140 (1985) (emphasis added)). In the absence of *specific* objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

First, turning to Plaintiff's objection regarding the absence of a medical expert in the area of gender dysphoria, the Magistrate Judge comprehensively and ably explained that the "cause of the plaintiff's gender dysphoria is not at issue," and "defendants do not contest that the plaintiff

3

has been diagnosed with gender dysphoria." (DE 102, p. 1.) Because the diagnosis is not in dispute, Boone cannot demonstrate any error in the Report with respect to Defendants' assessment of the gender dysphoria condition. Nor is there any dispute that, under certain circumstances, gender dysphoria can constitute a serious medical need. The only relevant question regarding Boone's remaining claim is whether Defendants were so deliberately indifferent to Boone's medical needs to violate the Eighth Amendment. Nothing in the record supports Boone's claim that the Magistrate Judge lacked sufficient knowledge and competency (without the help of an expert) to recommend that Defendants were not deliberately indifferent based on the undisputed facts presented. *See Tyler v. Hudson*, C/A No. 9:22-1544-MGL-MHC, 2022 WL 17156939, at *2 (D.S.C. Nov. 3, 2022), *report and recommendation adopted by* 2022 WL 17128623 (D.S.C. Nov. 22, 2022) (concluding that "both the Court and a jury would be able to understand" the issues pertaining to whether defendants were deliberately indifferent to a serious medical need "without the assistance of court-appointed expert"). So, the Court overrules Boone's objection.

Next, Plaintiff objects based on Defendants' alleged violation of the appropriate standard of care because Boone has not received "assessment or treatment" from "professionals who are knowledgeable" in the "specialized area" of health care of gender dysphoria. (DE 141, p. 3.) The Magistrate Judge explained, however, that Boone received regular psychological treatment for gender dysphoria. (DE 139, p. 21.) Moreover, the BOP's Transgender Executive Council—which includes mental health professionals—has evaluated Boone's request for gender-affirming surgery on over twenty occasions. (*Id.* at 22.) Defendants have consistently provided Boone with hormone therapy, transferred Boone to lower security facilities, and transferred Boone to a gender-affirming facility, all of which are necessary steps for advancing the request for gender-affirming surgery in accordance with BOP policy. (*See id.* at 22–23.) Lastly, Defendants have also addressed Boone's

potential self-harm through suicide risk assessments and by placing Boone on suicide watch. (*Id.* at 16–17, 24.) Therefore, the Report and Recommendation correctly concluded, based on these undisputed facts, that Defendants were not deliberately indifferent in treating Plaintiff. (*See* DE 139 at 23.) And so, the Court overrules Boone's remaining objections.[3]

Accordingly, after a thorough review of the Report and Recommendation and the record, the Court adopts the Report (DE 139) and incorporates it here.

It is, therefore, **ORDERED** that Defendants' Motion for Summary Judgment (DE 126) is granted and Plaintiff's case is dismissed.

**IT IS SO ORDERED**.

                          s/ Joseph Dawson, III
                          Joseph Dawson, III
                          United States District Judge

Florence, South Carolina
May 3, 2024

### NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified of the right to appeal this order within sixty (60) days from this date under Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

[3] The Court acknowledges Boone remains dissatisfied that Defendants have not provided the specific treatment Boone desires—*i.e.*, gender-affirming surgery. However, "prisoners do not have a constitutional right to the treatment of his or her choice and [m]ere disagreement as to the proper medical treatment does not constitute deliberate indifference." *King v. United States*, 536 F. App'x at 358, 363 (5th Cir. 2013) (citations omitted). Nor does Boone explain how the involvement of an expert in gender dysphoria would lead to a different outcome, given Boone's current ineligibility under BOP policy.